**UNITED STATES of America, Plaintiff,**

v.

**PHILIP MORRIS USA, INC., f/k/a Philip Morris Inc., et al., Defendants.**

**No. CIV.A. 99–2496(GK).**

United States District Court,
District of Columbia.

Feb. 2, 2004.

Sharon Yvétte Eubanks, J. Patrick Glynn, Renee Brooker, Stephen Dudley Brody, U.S. Department of Justice, Washington, DC, for Plaintiff.

Alfred McDonnell, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Duane J. Mauney, Floyd E. Boone, Jr., James Miller Rosenthal, Jeanna Maria Beck, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Leslie Wharton, Melissa L. Marglous, Michael R Geske, Murray R. Garnick, Nick Malhotra, Peter Thomas Grossi, Jr., Ryan David Guilds, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Neil Eggleston, Howrey, Simon, Arnold & White, LLP, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Arnon D. Siegel, Lawrence Saul Robbins, Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, William Salvatore D'Amico, Chadbourne & Parke, Bruce G. Merritt, Judah Best, Kevin C. Lombardi, Steven Klugman, Debevoise & Plimpton, Clausen Jr. Ely, James Alexander Goold, Joseph A. Kresse, Keith Allen TeelCovington & Burling, Washington, DC, Washington, DC, Ashley Cummings, Hunton & Williams, Dan H. Willoughby, Leign Ann Dowden, King & Spalding,

Atlanta, GA, Ben M. Germana, Herbert M. Wachtell, Jeffrey M. Wintner, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, C. Ian Anderson, Davis, Polk & Wardwell, James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, Lauren J. Bernstein, Winston & Strawn, Harold K. Gordon, Jones, Day, Reavis & Pogue, Aaron H. Marks, Daniel R. Benson, Julie R. Fischer, Leonard A. Feiwus, Marc E. Kasowitz, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., Demetra Frawley, Mary Elizabeth McGarry, Michael V. Corrigan, Simpson, Thatcher & Barlett, Bruce G. Sheffler, David L. Wallace, F. John Nyhan, Garyowen P. Morrisroe, Jessica L. Zellner, Timothy M. Hughes, Lawrence Edward Savell, Chadbourne & Parke, LLP, David Runtz, Dennis H. Hranitzky, Joseph P. Moodhe, Steven S. Michaels, Debevoise & Plimpton, New York City, Bradley E. Lerman, Dan K. Webb, Daniel C. Jordan, Elizabeth D. Jensen, Erik D. Nadolink, Jeffrey Wagner, Kevin J. Narko, Luke A. Palese, Ricardo E. Ugarte, Thomas J. Frederick, Winston & Strawn, David M. Bernick, Douglas G. Smith, Michelle H. Browdy, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, Cindy L. Gantnier, Cynthia S. Cecil, Patricia M. Schwarzschild, Richard H. Burton, Hunton & Williams, Richmond, VA, Seth Barrett Tillman, U.S. District Court for the Middle District of Alabama, Montgomery, AL, David B. Alden, Paul Crist, Randal S. Baringer, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, Elizabeth P. Kessler, Ivan C. Smith, Scott C. Walker, Jones, Day, Reavis & Pogue, Columbus, OH, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, PLLC, Winston-Salem, NC, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, PA, Minneapolis, MN, Paul Lamont McDonald, Philadelphia, PA, Bruce D. Ryder, J. William Newbold, James M. Cox, Michael B. Minton, Richard Paul Cassetta, Thompson Coburn, LLP, St. Louis, MO, Paige Q. Szajnuk, Thomas A. Duncan, Shook, Hardy & Bacon, Kansas City, MO, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

KESSLER, District Judge.

Defendants have filed an Emergency Motion to Prohibit Plaintiff's Untimely Addition of 650 New Racketeering Acts to the Case ("Emergency Motion").[1] Upon consideration of the Motion, the Government's Opposition, the Reply, and the entire record herein, the Court concludes that the Motion should be **granted in part and denied in part.**

## I. FACTUAL BACKGROUND

As all parties know, the Government's Complaint, filed on September 22, 1999, was accompanied by an Appendix listing 116 "Racketeering Acts" of mail or wire fraud allegedly committed by the Defendants. Those Racketeering Acts were incorporated by reference into Counts III and IV, which allege that Defendants engaged in, or conspired to engage in, a "pattern of Racketeering activity." On February 28, 2001, when the Government filed its Amended Complaint, it incorporated by reference the same 116 Racketeering Acts. In response to Defendants' interrogatory # 35 which expressly required the Government to list "any alleged act of racketeering not set forth in the Appendix," the Government identified an additional 32 Racketeering Acts on December 10, 2001 (numbered as Racketeering Acts 117–148).[2] Mem. in Support of Defs' Emergency Motion at 2 (citing United States' Suppl. Resps. to Jt. Defs.' First Set of Continuing Interrog Nos. 29–31 and 33–35). The Government has not further supplemented Interrogatory # 35. Accordingly, for the last two

---

1. Defendants also filed a separate Motion to Expedite Briefing and Resolution of Defendants' Emergency Motion to Prohibit Plaintiff's Untimely Addition of 650 New Racketeering Acts to the Case. This Motion was denied. Order # 426 (10/28/03).

2. In addition to Interrogatory # 35, Defendants served the Government with other interrogatories regarding the details of each Racketeering Act, such as the "fact misrepresented or concealed" in connection with the Racketeering Act (Interrogatory # 32), and the subtopic in the Complaint to which the Racketeering Act relates (Interrogatory # 29). The Government last supplemented its responses to these interrogatories on May 7, 2003.

years, the Defendants have expected the Government's case to involve 148 Racketeering Acts.

It is fair to say that this case has been subject to extraordinary and intensive case management and monitoring because of its size, its complexity, and its public interest. In the course of that case management, numerous case management orders have been entered dealing with all aspects of discovery, deadlines for summary judgment motions, submission of proposed findings of fact and conclusions of law ("Preliminary Proposed Findings"), etc. *See, e.g.,* Order # 51, Order # 230 (Tenth Case Management Order), Order # 264 (Amendments to Order # 230). The underlying purpose has been to ensure efficient and orderly management of the case so that trial would proceed on September 13, 2004, and to avoid last-minute "trial by ambush" tactics which might jeopardize that trial date.

In Order # 230, the Court set October 1, 2003 as the deadline for filing all summary judgment motions (later extended to October 8, 2003 in Order # 408). On October 8, 2003, the United States filed a Motion for Partial Summary Judgment on Element that Defendants Have Caused Mailing and Wire Transmissions ("Mailings Motion"), seeking summary judgment that Defendants caused certain documents, advertisements, statements and website content to be mailed or communicated by interstate wire transmission. In that motion, Plaintiff referred—for the first time—to 650 Racketeering Acts, in addition to the 148 it had previously identified. Thus, Plaintiff contended that at trial, it would be establishing a total of 795 Racketeering Acts.[3] In support of its Mailings Motion, Plaintiff also submitted 29 declarations from 19 witnesses.

While the number of new Racketeering Acts seems extraordinarily high, it is important to note exactly what is contained in the Government's filing. Of the 650 newly alleged Racketeering Acts, 640 consist of additional cigarette brand advertisements and statements that Defendants themselves paid

for and placed for publication. U.S. Opp'n to Defs. Emergency Motion at 4. Significantly, more than two-thirds of the 640 advertisements (70%) identified as Racketeering Acts in the Mailings Motion are simply later advertisements from the same campaigns named in the original 148 Racketeering Acts. *See* U.S. Opp'n to Defs' Emergency Motion at 5–6. In short, the advertisements and statements covered by the 650 new Racketeering Acts were all placed in widely circulated, published newspapers or magazines, or on the Defendants' own websites.

## II. PARTIES' CONTENTIONS

The Defendants ask that the Court prohibit Plaintiff's additional 650 Racketeering Acts, as well as exclude the evidentiary materials upon which they are based. In support of their position, Defendants argue that by adding the additional 650 Racketeering Acts, the United States has violated both the spirit and letter of the Court's case management and discovery orders, has greatly prejudiced the Defendants, and threatens to delay the Court's trial schedule. They also assert that if the Racketeering Acts are admitted, they are entitled to further discovery, a prospect which threatens the scheduled trial date. The United States denies that it violated any procedural or discovery obligation, and argues that Defendants suffered no prejudice because they are fully aware of their own advertising campaigns, that there is no need for further discovery by Joint Defendants and, therefore, there is no jeopardy to the Court's trial schedule. After cutting through the verbal underbrush of these arguments, the Court finds that there is some merit on all sides.

### A. The United States Has Violated Its Obligation to Supplement Discovery Responses under Fed.R.Civ.P. 26(e)(2)

Fed.R.Civ.P. 26(e)(2) states that a "party is under a duty seasonably to amend a prior response to an interrogatory ... if the party learns that the response is in some

---

**3.** Plaintiff had previously stricken three Racketeering Acts. *See* Mem. in Supp. of Defs' Emer-

gency Motion at 4 n. 5.

material respect incomplete or incorrect...." Early on in discovery, as noted earlier, Defendants directed interrogatories to the Government specifically focusing on the Racketeering Acts charged in this case. Other than providing one supplement to its original answers on December 10, 2001, the Government has provided no other information regarding additional Racketeering Acts. There is simply no justification whatsoever for the Government's failure to appropriately inform the Defendants, by formal supplementation of its interrogatory responses as required by the Rules, of its intention to rely on 650 additional Racketeering Acts to support its RICO claims.

Moreover, in light of the intensive case management and oversight that this case has received, there is no question that Plaintiff's inclusion, at virtually the last minute, of 650 new Racketeering Acts in its summary judgment motion undermines the comprehensive efforts of the Court to ensure an orderly march to trial by avoiding last minute surprises of this nature. For these reasons, the Court concludes that it is appropriate to preclude the Plaintiff under Fed.R.Civ.P. 37(c) from adding the additional 650 Racketeering Acts.

Defendants have also asked for a much more severe sanction, namely, exclusion of all evidentiary materials relating to the 650 Racketeering Acts. The Court now turns to that issue.

## B. Evidence Relating to the 650 New Racketeering Acts Is Not Excluded for All Purposes

 Defendants ask that all evidence supporting the 650 Racketeering Acts be barred for all purposes. They even ask for the exclusion of that portion of the evidence that goes to the issue of the mailing or wire transmission of the previously identified 148 Acts. Mem. in Supp. of Defs' Emergency Motion at 20 n. 22. That sanction for the violations already outlined is too draconian, is not mandated by whatever minor prejudice Defendants will suffer, if any, and is not supported by case law. Even though the proposed acts may not be added as Racketeering Acts, the evidence underlying them may well be admissible to prove other RICO elements. Uncharged, unlawful conduct may be proven to establish, for example, continuity and pattern of racketeering activity,[4] the RICO enterprise or conspiracy, and the Defendants' participation therein.[5]

Moreover, the Government points out in its papers that knowledge of the substance of this additional evidence comes as no surprise to the Defendants, even though the Government never formally identified it as Racketeering Acts.

First, all of the evidence consists of publicity, advertisements and media usage prepared by the Defendants themselves. Given that Defendants prepared, paid for, and directed these advertising campaigns, all of which were carried in the national media, it is hard to believe, as a practical matter, that the Defendants would be challenging the accuracy of any substantial amount of the information itself.

Second, there have been many references, throughout discovery, to these advertising campaigns and Defendants themselves took discovery on the very advertisements which constitute the new Racketeering Acts. See U.S. Opp'n to Defs. Emergency Motion, Ex-

---

4. *See, e.g., United States v. Richardson,* 167 F.3d 621, 625–26 (D.C.Cir.1999); *Tabas v. Tabas,* 47 F.3d 1280, 1294–95 (3d Cir.1995) (*en banc*); *Resolution Trust Corp. v. Stone,* 998 F.2d 1534, 1544 (10th Cir.1993); *United States v. Alkins,* 925 F.2d 541, 551–53 (2d Cir.1991); *United States v. Coiro,* 922 F.2d 1008, 1017 (2d Cir.1991); *United States v. Gonzalez,* 921 F.2d 1530, 1544–45 (11th Cir.1991); *United States v. Link,* 921 F.2d 1523, 1527 (11th Cir.1991); *United States v. Kaplan,* 886 F.2d 536, 543 (2d Cir.1989).

5. *See e.g., United States v. Keltner,* 147 F.3d 662, 667–68 (8th Cir.1998); *United States v. Salerno,*

108 F.3d 730, 738–39 (7th Cir.1997); *United States v. Miller,* 116 F.3d 641, 682 (2d Cir.1997); *United States v. Krout,* 66 F.3d 1420, 1425 (5th Cir.1995); *United States v. DiSalvo,* 34 F.3d 1204, 1221 (3d Cir.1994); *United States v. Clemente,* 22 F.3d 477, 483 (2d Cir.1994); *United States v. Coonan,* 938 F.2d 1553, 1561 (2d Cir. 1991); *United States v. Eufrasio,* 935 F.2d 553, 572–73 (3d Cir.1991); *United States v. Ellison,* 793 F.2d 942, 949 (8th Cir.1986); *United States v. Murphy,* 768 F.2d 1518, 1534–35 (7th Cir. 1985); *United States v. Gonzalez,* 921 F.2d 1530, 1545–47 (11th Cir.1991).

hibit A, Column A. In particular, the Government's experts were questioned by Defendants about many of these same advertising campaigns. *Id.* Much of the information in question comes from Defendants' own website statements. *Id.*, Exhibit A. The Government's Preliminary Proposed Findings contained factual allegations about 647 of the 650 advertising campaigns and statements that are included in the new Racketeering Acts. U.S. Opp. to Defs. Emergency Motion, Exhibit A, Column B. The Defendants' own Preliminary Findings and Rebuttal Preliminary Findings also refer at a number of different points to the factual allegations included in the 650 new Racketeering Acts. Most of the 650 Racketeering Acts refer to the Defendants' own published statements, cigarette brand advertisements, or information on their own websites. Finally, 70% of the advertising campaigns which are covered by the new Racketeering Acts are in actuality advertisements which are continuations of the advertising campaigns already identified as Racketeering Acts in the original Complaint, the Amended Complaint, and the supplemental interrogatory answers served on December 10, 2001.

Thus, it is clear that even though Defendants did not have the benefit of knowing that these individual advertisements would be identified as Racketeering Acts in the Government's Mailings Motion, Defendants were clearly and unquestionably aware of the existence of these advertisements and publications and their relationship to the comprehensive factual picture which the Government intends to present at trial. In short, Defendants will not be prejudiced by the introduction of this evidence for other purposes at trial, as long as it is not characterized as Racketeering Acts, with the legal ramifications that such characterization entails.

Defendants argue that they are entitled to further discovery from the 19 declarants who submitted declarations and, in particular, from the three individuals (Figliulo, Tobin and Morrison) who they claim are expert witnesses.

First, it is clear that the three declarants are not expert witnesses pursuant to Fed. R.Civ.P. 26(a) and (2)(B). The three of them presented factual support only about collection of the evidence, the mailings, and the location and copying of the advertisements in question. Their declarations were not based on "scientific, technological or other special knowledge" as required of expert witnesses under Fed.R.Evid. 702.

Second, as to the 16 other declarants, they are all representatives of the magazines and newspapers in which the various advertisements were placed. Those declarants simply provided information as to the dates of publication, the volume of circulation, and the fact that the newspapers or magazines were sent to subscribers through the United States mails. It is hard to believe that Defendants need further discovery on those issues.

Third, the case law does not support Defendants' request for the extreme sanction of excluding all evidence pertaining to the 650 Racketeering Acts. As noted above, evidence may be admissible for any one of a number of other purposes, ranging from the Government's need to demonstrate the likelihood of Defendants' future illegal activity, to the requisite continuity and pattern of racketeering activity, to the very existence of the RICO enterprise or conspiracy. The United States has provided ample persuasive authority on this point and Defendants provide none to the contrary.[6]

## CONCLUSION

The Government has unquestionably failed to supplement its responses to three interrogatories, as required by Fed.R.Civ.P. 26(e). The appropriate sanction to be imposed for that violation of the Federal Rules is that the Government may not rely upon those newly added 650 Racketeering Acts. That conclusion, however, does not justify granting the further sanction requested by Defendants to exclude the evidence for all purposes. The Defendants knew of this evidence, deposed

---

**6.** Indeed, Defendants acknowledge that "it makes a significant difference whether such evidence is offered to establish a predicate act of racketeering or [instead] for some other purpose." Reply at 4.

Plaintiff's expert witnesses about it, referred to it in their own Preliminary Proposed Findings and Preliminary Proposed Rebuttal Findings and read about it in Plaintiff's Preliminary Proposed Findings. Thus, any prejudice to them is, at most, *de minimis.*

For these reasons, the Court concludes that the appropriate sanction is to grant Defendants' request to strike the material included in the Mailings Motion as additional 650 Racketeering Acts, but to deny the Defendants' request to bar the use of that evidence for what may be other relevant purposes at the trial of this case.

An Order will accompany this Opinion.

### ORDER # 487

Defendants have filed an Emergency Motion to Prohibit Plaintiff's Untimely Addition of 650 New Racketeering Acts to the Case ("Emergency Motion"). Upon consideration of the Motion, the Government's Opposition, the Reply, and the entire record herein, the Court concludes that the Motion should be **granted in part and denied in part,** as explained in the accompanying Memorandum Opinion.